IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ L. MAYES, # B-81251,

        Petitioner,

    vs.                               Case No.  13-cv-123-DRH

BRAD J. ROBERT,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Centralia Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.  The petition was filed on February 6, 2013, and challenges his 1998 conviction for murder in St. Clair County Circuit Court No. 97-CF-1095.  Petitioner raises substantive grounds for relief from the conviction, asserting that he was denied a fair trial by the failure to instruct the jury on lesser offenses; his appellate counsel was ineffective; and the appellate court erred by permitting his appointed counsel to withdraw from the appeal of his post-conviction case (Doc. 1, pp. 8-14).  Further, he challenges the addition of a three-year term of mandatory supervised release ("MSR") to follow his 35-year sentence (Doc. 1, pp. 4, 16).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

The grounds raised by petitioner fall into two distinct categories:   1) challenges to his 1998 conviction (enumerated in Grounds 1-4), for which the one-year time limit to file a § 2254 habeas petition has long since expired; and 2) the challenge to the three-year MSR term (Ground 5), in which petitioner has not yet exhausted his state court remedies.

## Background

Petitioner was found guilty of first degree murder after a jury trial, on October 22, 1998.  On December 10, 1998, he was sentenced to 35 years in prison (Doc. 1, p. 1).  His conviction was affirmed on appeal on June 28, 2000 (Doc. 1, p. 2); *People v. Mayes*, No. 5-99-0173, 775 N.E.2d 1078 (Ill. App. 2000) (Table).  Although the petition states that he sought review of this appellate court decision in the Illinois Supreme Court and was denied on March 24, 2004, the information he provides on the case number and date of disposition correspond to the review of his post-conviction case, not his direct appeal (Doc. 1, p. 3). However, he states that he did not seek further review in the United States Supreme Court (Doc. 1, p. 3).

Petitioner further challenged his conviction with a petition for post-

conviction relief on August 15, 2001, filed in the Circuit Court of St. Clair County (Doc. 1, p. 3).  The trial court denied this petition on September 12, 2001 (Doc. 1, pp. 8, 10, 14).  He appealed, but the appellate court affirmed the denial on August 21, 2003 (Doc. 1, pp. 9, 11, 15); *People v. Mayes*, No. 5-01-0801, 853 N.E.2d 459 (Ill. App. 2003) (Table).  The Illinois Supreme Court denied the petition for leave to appeal on March 24, 2004 (Doc. 1, pp. 9, 11, 13, 15); *People v. Mayes*, No. 97757, 809 N.E.2d 1290 (Ill. 2004).  Petitioner did not file a petition for certiorari in the Supreme Court (Doc. 1, p. 3).

In reference to the three-year MSR term, petitioner claims that the Illinois Supreme Court "changed" his sentence to 35 years at 50% "years after the time I was sentenced," whereas the trial judge had originally ordered him to serve 100% of the sentence (Doc. 1, p. 4).  It appears that this change in the percentage of time petitioner was required to serve came about as a result of the January 1999 Illinois Supreme Court ruling striking down the 1985 Illinois "Truth in Sentencing" Act.  *People v. Reedy*, 708 N.E.2d 1114, 1119 (Ill. 1999); *see also Moore v. Bryant*, 237 F. Supp. 2d 955, 957 n.1 (C.D. Ill. 2002).  Illinois Public Act 89-404 (effective August 20, 1985) provided that a person convicted of first degree murder was required to serve 100% of his sentence, and his potential good conduct credit was limited to 4.5 days for each month in custody.  *Reedy*, 708 N.E.2d at 1115.  When the Illinois Supreme Court invalidated P.A. 89-404 for violating the single-subject clause of the state constitution, it also ruled that the re-enactment of the truth-in-sentencing provisions in P.A. 90-592 would apply

only prospectively, to offenses committed on or after June 19, 1998. *Reedy*, 708 N.E.2d at 1121-22. Thus, offenders (such as petitioner, who was charged in 1997) whose crimes were committed before that date would be eligible to earn day-for-day (50%) sentence credit under the sentencing provisions in force before the enactment of P.A. 89-404. *Reedy*, 708 N.E.2d at 1115; 730 ILL. COMP. STAT. 5/3-6-3(a)(2) (West 1994).

Petitioner now asserts that the three-year MSR term is "in excess of what my trial judge told me I had to serve," and "in excess of when my sentence was corrected by the Supreme Court" (Doc. 1, p. 16). He argues that the Illinois Department of Corrections added the MSR time to his sentence, "increasing" his punishment in violation of his due process rights (Doc. 1-1, pp. 7-8). He further claims that if the three years were removed from his sentence, he would be eligible for "immediate" release (Doc. 1-1, p. 9). In November 2012, Petitioner filed a motion to correct mittimus and sentence in the Circuit Court of St. Clair County, asking that the three-year MSR term be removed from his sentence (Doc. 1, pp. 4, 16). The trial court has not yet ruled on that motion (Doc. 1, p. 5).

## Untimely Claims – Grounds 1-4

Under 28 U.S.C. § 2244(d)(1), a petitioner has a one year period in which to file an application for a writ of habeas corpus. Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Further, under 28 U.S.C. § 2244(d)(2), "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this instance, petitioner's one-year statute of limitations under § 2244(d)(1)(A) began to run, at the latest, 90 days following March 24, 2004, which is the date he claims the Illinois Supreme Court denied his petition for leave to appeal on direct review of the conviction.[1] *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) ("[T]he statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time [90 days] allotted for filing a petition for writ."). Adding 90 days, petitioner had one year from June 22, 2004, in which to file his § 2254 habeas petition. Unfortunately, he waited for over eight years before filing the instant petition on February 6, 2013. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(2), the petition was not timely filed as to the substantive challenges to petitioner's conviction.[2]

---

[1] As noted above, it appears more likely that this March 24, 2004, date represents the termination of petitioner's post-conviction challenge. If so, the one-year deadline would have expired one year later, on March 24, 2005. *Lawrence v. Florida*, 549 U.S. 327, 331-332 (U.S. 2007); *Gutierrez v. Schomig*, 233 F.3d 490, 490-91 (7th Cir. 2000) (time limit to file § 2254 petition is not tolled during the time when a prisoner could have, but did not, seek Supreme Court review of state court denial of post-conviction challenge).

[2] The pending state-court motion to correct mittimus and sentence cannot operate to "toll" petitioner's one-year time limit that had already expired before he filed that new post-conviction matter in November 2012. Once the time limit for seeking habeas relief has expired, a later-filed

Accordingly, these portions of the petition, consisting of Ground 1: Denial of a fair trial by the failure to instruct the jury on lesser offenses; Ground 2: Ineffectiveness of appellate counsel for failing to raise petitioner's state of mind; Ground 3: Appellate court error of permitting the withdrawal of appointed counsel from the appeal of petitioner's post-conviction case; and Ground 4: Ineffectiveness of appellate counsel in failing to ask for second degree murder instructions and appellate court erroneous finding that petitioner was not prejudiced by this error, are **DISMISSED** with prejudice.

## Unexhausted Claim – Ground 5

The fifth ground raised by petitioner is his claim that he has been unconstitutionally subjected by the Illinois Department of Corrections to a three-year term of MSR, which was not part of the sentence imposed by the trial court (Doc. 1, p. 16).

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust.  28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).  To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any

---

collateral attack cannot "toll" the intervening lapse of time to allow for another chance to file a habeas petition.  *See Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir. 2000).

constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

The instant pleadings allege that petitioner took advantage of full state court review of the claims in Grounds 1-4 on direct appeal and post-conviction review. However, the issue raised in Ground 5, whether the three-year MSR term was properly added to his 35-year sentence, remains pending before the state trial court. If petitioner were to obtain relief in state court on this issue, review by this Court would be unnecessary; in any case, it is premature to bring the MSR claim in federal court at this time. Until the trial court issues its decision on the motion to correct the mittimus, and petitioner fully completes the state appellate review process, this claim remains unexhausted. Further, petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter.

Therefore, Ground 5 raised in the habeas petition is **DISMISSED** without prejudice. Petitioner may re-file the MSR claim raised herein under Ground 5, after his state court remedies are fully exhausted on this issue, so long as he does

so within the applicable time limits.

## Filing Fee

When this action was filed, petitioner sought leave to proceed *in forma pauperis* ("IFP") (Doc. 2).  On February 14, 2013, the motion was denied (Doc. 7), and petitioner was ordered to pay the $5.00 filing fee within thirty days, which falls on **March 18, 2013** (Doc. 7).  The terms of that order remain in full force and effect, regardless of the dismissal of this action.  *See Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998) (a prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP).

## Certificate of Appealability

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed,

*Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because, in the case of Grounds 1-4, he filed his petition several years too late. As to Ground 5, he has not yet exhausted his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

All pending motions are **DENIED AS MOOT.**

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: February 28, 2013**

Digitally signed by
David R. Herndon
Date: 2013.02.28
13:27:13 -06'00'

**Chief Judge**
**United States District Court**